**Arlis Burl BLAIR, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 8090.**

United States Court of Appeals
Tenth Circuit.

July 20, 1965.

Michael F. Morrissey, Denver, Colo. (Frickey & Morrissey, Denver, Colo., on brief), for appellant.

Phillips Breckinridge, Asst. U. S. Atty., (John M. Imel, U. S. Atty., and Lawrence A. McSoud, Asst. U. S. Atty., on brief), for appellee.

Before PHILLIPS, LEWIS and HILL, Circuit Judges.

PER CURIAM.

On April 11, 1962, Blair entered a plea of guilty to an information filed in the United States District Court for the Northern District of Oklahoma charging him with a violation of 18 U.S.C. § 2115 and was sentenced to the custody of the Attorney General for a period of two years. After having served such sentence and when he was not in custody thereunder, but was in fact in custody in the Kansas State Penitentiary, he filed a motion under 28 U.S.C. § 2255 to vacate such two-year Federal sentence. From an order denying the motion, he has appealed.

A motion to vacate a sentence under § 2255, supra, will not lie unless the movant is in custody under such sentence.

In a proper case, the court to which the motion is addressed may regard it as a petition for a writ in the nature of coram nobis. United States v. Capsopa, 2 Cir., 260 F.2d 566; Lopez v. United States, 9 Cir., 217 F.2d 526. See also: Williams v. United States, 10 Cir.,

267 F.2d 559, 560, c.d. 361 U.S. 867, 80 S.Ct. 128, 4 L.Ed.2d 106; United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. Here, however, on the record before us, it is clear that the attack on the validity of the sentence was groundless and the court did not err in failing to treat the motion as a petition for a writ in the nature of coram nobis.

Accordingly, the order is affirmed.