No. 45,173

CLYDE W. JOHNSON, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(438 P. 2d 96)

Opinion filed March 9, 1968.

*David Mullies,* of Fort Scott, argued the cause and was on the briefs for the appellant.

*Charles M. Warren,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal by the petitioner, Clyde W. Johnson, from an order of the district court of Bourbon County denying relief in a proceeding instituted pursuant to K. S. A. 60-1507.

Respective counsel have stipulated the pertinent facts and record on appeal in substance as follows.

On October 4, 1965, petitioner was charged with murder in the first degree (K. S. A. 21-401). Petitioner was brought before the county court, counsel was appointed, and a preliminary hearing was set for October 6, 1965. Evidence was offered at the preliminary hearing, witnesses were examined by attorneys for both parties, and at the conclusion thereof petitioner was bound over to the district court.

An information was filed charging petitioner with first degree murder and he appeared for arraignment before the district court on October 6, 1965. The court appointed Douglas G. Hudson, an experienced practicing attorney of Fort Scott, to represent petitioner. Mr. Hudson had previously been appointed by the county court and represented petitioner at his preliminary hearing. Mr. Hudson suggested to the district court that petitioner was insane and in-

capable of comprehending his position or making his defense and that a commission should be appointed to examine petitioner, as to his sanity and ability to comprehend his position and make his defense, as provided in K. S. A. 62-1531, now K. S. A. 1967 Supp. 62-1531. Accordingly, a commission, consisting of three physicians, was appointed and reported to the court on October 12, 1965, that petitioner was insane and unable to comprehend his position and make his defense.

On October 13, 1965, petitioner again appeared before the district court with his attorney. At this proceeding the court accepted and approved the report of the commission and found petitioner insane and incapable of comprehending his position and of making his defense to the charges filed against him.

Pursuant to the provisions of 62-1531, *supra,* the district court committed petitioner to the State Hospital for the dangerous insane at Larned, Kansas (now State Security Hospital, K. S. A. 1967 Supp. 76-2460), for:

". . . safekeeping and treatment until he shall recover, when he shall be returned to the District Court of Bourbon County, Kansas, to be placed upon trial upon the Information filed in said court. Commitment being adjudged under K. S. A. Sec. 62-1531."

Thereafter petitioner was transferred to the State Security Hospital where he remains confined.

On June 26, 1967, petitioner filed a motion, the subject of this appeal, in the district court of Bourbon County. The court considered the motion forthwith and filed its memorandum of findings and order denying relief. The district court found petitioner to be in custody in the State Security Hospital under the order of October 13, 1965; that petitioner has not been returned to the court for trial; and the court has had no report from the superintendent of that institution. The court indicated doubt as to the applicability of 60-1507, *supra,* but, nevertheless, proceeded to consider the motion on its merits and determined the matters raised therein adversely to petitioner. Thereafter present counsel was appointed and perfected this appeal.

On appeal the state contends the proceedings should be dismissed for the reason petitioner is not in custody under a sentence, following a conviction, and therefore 60-1507, *supra,* is not applicable. For the reasons hereafter related, we agree with the state's contention.

K. S. A. 60-1507 (a) reads as follows:

"A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence."

The manifest purpose of the statute is to provide a means of collateral attack on a sentence in the court where it was imposed by a prisoner in custody under such sentence. The language used clearly presupposes a conviction and sentence.

Petitioner has not been convicted of, or sentenced for, any criminal offense. His present custody is not for the purpose of punishment but for safekeeping and treatment until he recovers. Under such circumstances, petitioner is not entitled to challenge the validity of his present custody by a motion filed pursuant to 60-1507, *supra.*

We note in *State v. Richardson,* 194 Kan. 471, 399 P. 2d 799, that our 60-1507, *supra,* follows the language of a federal statute, 28 U. S. C. A., § 2255, and therefore the body of federal law developed thereunder should be given great weight in construing the provisions of our statute. In *Hill v. United States,* (6th Cir., 1963), 206 F. 2d 204, cert. den. 346 U. S. 859, 98 L. Ed. 372, 74 S. Ct. 75, the court was confronted by the identical question raised by a motion filed under § 2255, *supra.* Prior to trial, in the federal district court, *Hill* was found mentally incompetent and committed to a medical center for federal prisoners, pursuant to 18 U. S. C. A., § 4246 comparable to our 62-1531, *supra.* Hill challenged his custody by filing a motion under § 2255, *supra,* which was denied by the district court. In affirming on appeal the Circuit Court of Appeals said:

". . . Title 28 U. S. C. A. Section 2255, provides remedies on motion attacking sentence and sets forth that a prisoner in custody under sentence of a court established by Act of Congress may, upon various grounds, move the court which imposed sentence to vacate, set aside, or correct the sentence. However, appellant was not arraigned or sentenced for the commission of any offense against the criminal laws. He is not suffering punishment for which under the law, sentence is imposed. See Rule 32 (a) of the Federal Rules of Criminal Procedure. Accordingly, appellant does not come within the purview of the rule relating to correction of sentence or of Title 28 U. S. C. A., Section 2255. . . ." (p. 206.)

It was further noted in *Hill* a petition for a writ of habeas corpus is the usual way to bring before the court unlawful detention on grounds of insanity.

Petitioner not being in custody under sentence, as required by the provisions of 60-1507 (*a*), *supra,* he is not entitled to institute proceedings thereunder.

In accordance with the foregoing, the cause is remanded to the district court with directions to dismiss.