(182 P.3d 1271)

No. 97,260

DAMARIS RAWLINS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed May 16, 2008.

*Damaris Rawlins*, appellant pro se.

*Steven J. Obermeier*, assistant district attorney, *Phill Kline*, district attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before HILL, P.J., GREEN and STANDRIDGE, JJ.

HILL, J.: This appeal arises from the dismissal of a K.S.A. 60-1507 motion. Damaris Rawlins appeals the district court's summary denial of her motion. Under Kansas law, a prisoner *in custody* may seek habeas corpus relief by filing a K.S.A. 60-1507 motion. Our courts have held that someone on probation is "in custody" for purposes of filing such a motion. Rawlins was on probation when she filed her motion, but her probation ended before the district court could rule. The district court then ruled it no longer had jurisdiction and dismissed her motion. Because Rawlins filed her motion when she was on probation, and possible adverse collateral consequences flowing from her conviction keep the action from becoming moot, we hold the district court had jurisdiction over the motion and reverse its ruling. After examining Rawlins' claims against her trial counsel, we remand the case to the district court with directions to entertain evidence on two of her five claims.

*The case history illustrates Rawlins' problems.*

We glean these facts from her direct appeal. Rawlins was arrested and taken to the Johnson County jail in January 2000. During the booking process, Rawlins refused to answer the officers' questions, and when she refused to move the officers carried her into a safety cell. As the officers set her down and prepared to leave, Rawlins kicked one of them. *State v. Rawlins*, No. 87,490, unpublished opinion filed March 21, 2003.

The State charged Rawlins with battery against a law enforcement officer, and she was convicted by a jury. She received a 36-

month term of probation for her crime. Rawlins took a direct appeal, challenging the sufficiency of the evidence and alleging that the court erred in failing to instruct the jury on self-defense. This court affirmed the conviction. *Rawlins*, slip op. at 5-8.

Rawlins filed her K.S.A. 60-1507 motion on June 2, 2004, alleging ineffective assistance of trial counsel. But Rawlins completed her term of probation, and the district court discharged her from state custody on July 12, 2004. About 2 years later, the district court issued a memorandum decision dismissing Rawlins' K.S.A. 60-1507 motion, concluding it lacked jurisdiction because Rawlins was no longer in custody.

*After reading the state and federal authorities relied upon by the district court, we reach a different conclusion about jurisdiction.*

Obviously, this is a question of law. Our review is unlimited because this question requires an interpretation of K.S.A. 60-1507. See *LSF Franchise REO I v. Emporia Restaurants, Inc.*, 283 Kan. 13, 19, 152 P.3d 34 (2007) (statutory construction); *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006) (jurisdiction).

Our statute, K.S.A. 60-1507(a), gives prisoners a right to collaterally attack their sentences:

"(a) *Motion attacking sentence.* A prisoner *in custody* under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may, pursuant to the time limitations imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence." (Emphasis added.)

Because this law was modeled after a federal habeas corpus statute containing similar language (see 28 U.S.C. § 2255 [2000]), Kansas courts have turned for guidance to federal decisions that interpret similar federal statutes. *Johnson v. State*, 200 Kan. 708, 710, 438 P.2d 96 (1968) (citing *State v. Richardson*, 194 Kan. 471, 472, 399 P.2d 799 [1965]).

The district court here correctly noted the meaning of "in custody under sentence of a court" within both 28 U.S.C. § 2255 and K.S.A. 60-1507 has been broadly construed to mean any restraint of liberty imposed by court order following criminal proceedings. For example, a prisoner on parole is "in custody" within the meaning of both statutes. *Jones v. Cunningham*, 371 U.S. 236, 242-43, 9 L. Ed. 2d 285, 83 S. Ct. 373 (1963); *Baier v. State*, 197 Kan. 602, 604-06, 419 P.2d 865 (1966). Likewise, someone on probation is also "in custody." *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992); *Miller v. State*, 200 Kan. 700, 704, 438 P.2d 87 (1968).

It is clear that Rawlins was on probation at the time she filed her motion on June 2, 2004. She was discharged from probation a little over a month later on July 12, 2004. The question then becomes: Does a district court lose jurisdiction over a K.S.A. 60-1507 motion when the State loses custody over the movant? The Kansas cases do not answer the question, but the federal cases do.

*We look first at the Kansas cases.*

The district court said it did lose jurisdiction. The court reasoned that a court loses jurisdiction to entertain a habeas corpus motion under K.S.A. 60-1507 when the movant ceases to be subject to "some continuing restriction of liberty from the court entering the sentence," relying on *In re Habeas Corpus Application of Horst*, 270 Kan. 510, 519, 14 P.3d 1162 (2000), and *Johnson v. State*, 4 Kan. App. 2d 573, 574, 608 P.2d 1044 (1980).

We think these cases are legally distinguishable from the present case and do not control the issue. Both cases focused upon the legal status of the movant at the time the motion was filed.

In *Horst*, the Kansas Supreme Court initially acknowledged the liberal construction given the "in custody" requirement but looked at Horst's condition when the petition was filed and reasoned:

"When the foregoing authorities are applied to the facts of our case, it is apparent that Horst was, in a manner the City cannot refute, subject to its claimed but possibly improperly exercised jurisdiction at the time it ordered her to appear on the time-to-pay docket on June 1, 1999, and placed her in the Wichita Work Program. This constituted sufficient restraint for a writ of habeas corpus to have been issued at that time if such actions were improper or illegal as she now contends. This, however, is not the factual picture which we face because the City

has acknowledged that *at the time the petition was filed*, and when the hearing was held, it had no right to subject Horst to any collection practices that could 'detain, confine or restrain' her in any manner whatsoever." (Emphasis added.) 270 Kan. at 518.

In *Johnson*, the movant was incarcerated in Texas at the time he filed his motion under K.S.A. 60-1507, but his motion attempted to challenge a prior Kansas conviction for which he had completed serving his sentence. This court held: "Our statute does not permit such a challenge since plaintiff is not 'in custody' under the Kansas sentence he attempts to challenge." 4 Kan. App. 2d at 574. Again, the *Johnson* court looked at his condition when he filed his motion.

We deduce from *Horst* and *Johnson* that a movant is "in custody" within the meaning of K.S.A. 60-1507 if he or she is subject to detention, confinement, or restraint on the sentence subject to challenge by the K.S.A. 60-1507 motion when the motion is filed. The question not addressed by *Horst* or *Johnson* is whether the custodial requirement must be met at all stages of the K.S.A. 60-1507 proceedings or merely at the time the motion is filed. No Kansas cases directly address this question.

*In the federal system, the question is answered.*

While interpreting 28 U.S.C. § 2254(a), the federal statute permitting federal habeas corpus review of state sentences, the United States Supreme Court has held:

"The substantial issue, however, which is posed by *Parker v. Ellis*, [362 U.S. 574, 4 L. Ed. 2d 963, 80 S. Ct. 909 (1960)] is . . . whether the statute defining the habeas corpus jurisdiction of the federal judiciary in respect of persons in state custody is available here. In *Parker v. Ellis*, as in the present case, petitioner's application was filed in the Federal District Court when he was in state custody, and in both the petitioner was unconditionally released from state custody before his case could be heard in this Court. For the reasons which we here summarize and which are stated at length in the dissenting opinions in *Parker v. Ellis*, we conclude that under the statutory scheme, once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." *Carafas v. LaVallee*, 391 U.S. 234, 238, 20 L. Ed. 2d 554, 88 S. Ct. 1556 (1968).

Although *Carafas* involved application of 28 U.S.C. § 2254(a), not 28 U.S.C. § 2255, the same principle has been applied in cases

involving application of 28 U.S.C. § 2255. See *United States v. Loschiavo*, 531 F.2d 659, 662 (2d Cir. 1976).

Moreover, the United States Supreme Court has ruled that the substantive habeas corpus rights available under 28 U.S.C. § 2254 are equally applicable to actions under 28 U.S.C. § 2255. *United States v. Hayman*, 342 U.S. 205, 219, 96 L. Ed. 232, 72 S. Ct. 263 (1952) ("Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum."). We believe, therefore, this reasoning offers guidance in answering our question in this case.

The holding, said another way, means once a K.S.A. 60-1507 motion has been filed while a prisoner is in custody, the court will not lose jurisdiction because the prisoner is later released before the court has ruled on the motion. We believe the ruling in *Carafas* makes sense in Kansas if the issue has not become moot.

*Collateral consequences can prevent a habeas corpus motion from becoming moot if it is filed while the prisoner is in custody.*

It is safe to say the rule in Kansas has long been: " 'A writ of habeas corpus will not be granted to determine a mere abstract or moot question. The writ is generally available only when the release of the prisoner from the detention he attacks will follow as a result of a decision in his favor.' " *In re Horst*, 270 Kan. at 519 (quoting 39 Am. Jur. 2d, Habeas Corpus § 13, pp. 221-22); see also *State v. Aleman*, 16 Kan. App. 2d 784, 785-86, 830 P.2d 64, *rev. denied* 251 Kan. 940 (1992) (finding that K.S.A. 60-1507 motion was not moot while movant was paroled and returned to Wyoming on a detainer).

But *Carafas* addressed mootness by looking at the collateral consequences of the conviction itself:

"It is clear that petitioner's cause is not moot. In consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror. *Because of these 'disabilities or burdens [which] may flow from' petitioner's conviction, he has 'a substantial stake in the*

*judgment of conviction which survives the satisfaction of the sentence imposed on him.' [Citation omitted.] On account of these 'collateral consequences,' the case is not moot.* [Citations omitted.]" (Emphasis added.) 391 U.S. at 237-38.

We note similar collateral consequences here. Rawlins is an alien, properly admitted to permanent residency in the United States when she was a child. In her brief, she contends her conviction has many adverse collateral consequences. She is now liable to be deported, she cannot attain citizenship, she cannot vote, she cannot serve on a jury, and she cannot hold public office.

This holding about collateral consequences has been clarified later in *Maleng v. Cook*, 490 U.S. 488, 491-92, 104 L. Ed. 2d 540, 109 S. Ct. 1923 (1989):

"We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired at the time his petition is filed.* Indeed, our decision in *Carafas v. LaVallee, supra,* strongly implies the contrary. In *Carafas,* the petitioner filed his habeas application while he was actually incarcerated under the sentence he sought to attack, but his sentence expired and he was unconditionally discharged from custody while his appeal from the denial of habeas relief below was pending before this Court. The State argued that the unconditional discharge rendered the case moot. We rejected this argument, holding that the 'collateral consequences' of the petitioner's conviction—his inability to vote, engage in certain businesses, hold public office, or serve as a juror—prevented the case from being moot. *Id.,* at 237-38. We went on to say, however, that the unconditional release raised a 'substantial issue' as to the statutory 'in custody' requirement. *Id.,* at 238. While we ultimately found that requirement satisfied as well, we rested that holding *not* on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed. *Ibid.* The negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." (Emphasis added.)

We believe our Kansas cases are consistent with *Maleng* and *Carafas.* Where a decision has determined the movant was not "in custody" within the meaning of K.S.A. 60-1507, the facts have clearly shown the movant was not within custody *at the time the motion was filed.* See *Horst,* 270 Kan. at 518; *Johnson,* 200 Kan. at 710 (holding that civil confinement is not "custody under sentence" within the meaning of K.S.A. 60-1507); *Johnson,* 4 Kan.

App. 2d at 574 (finding that movant challenging a Kansas conviction when the sentence had expired was not in custody within the meaning of K.S.A. 60-1507).

The district court, here, took a too limited view of collateral consequences. It looked at the collateral consequences of immigration difficulties arising from Rawlins' conviction only for a determination of the "in custody" requirement of K.S.A. 60-1507. We agree that, according to the ruling in *Maleng*, such collateral consequences would not be enough to provide the district court with jurisdiction once Rawlins' probation had expired. But such collateral consequences *prevent Rawlins' motion from becoming moot* once the district court had acquired jurisdiction by the filing of the K.S.A. 60-1507 motion while Rawlins remained in state custody. See, *e.g.*, *Ogunwomoju v. United States*, 512 F.3d 69, 74-75 (2d Cir. 2008) (holding that detention for purposes of immigration policy based on state conviction does not make up basis for habeas corpus relief when state sentence has unconditionally expired); *United States v. Esogbue*, 357 F.3d 532, 533-34 (5th Cir. 2004) (petitioner had served entire federal sentence being challenged; the only custody involved INS detention under deportation proceedings); *Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992) ("Because Kandiel's sentence was fully expired by the time he filed his section 2255 motion and the current deportation proceedings against him are merely a collateral consequence of his conviction, he is not 'in custody' for purposes of section 2255.").

The district court relied heavily on *Resendiz v. Kovensky*, 416 F.3d 952 (9th Cir.), *cert. denied* 546 U.S. 1043 (2005), to support the reasoning that deportation proceedings are collateral consequences that will not support the "in custody" requirement of a proceeding under 28 U.S.C. § 2255. Although *Resendiz* did conclude that deportation proceedings are collateral consequences of state criminal convictions, the court also suggested that such collateral consequences might prevent a habeas corpus petition being filed while the petitioner remains in custody on a state sentence from becoming moot:

"It is well-established that 'once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not them-

selves sufficient to render an individual "in custody" for purposes of a habeas attack upon it.' [Citations omitted.] Immigration consequences, such as deportation, have long been viewed as 'collateral,' and thus are not themselves sufficient to render an individual 'in custody.' [Citation omitted.] While *Maleng noted that collateral consequences could prevent a petition—filed while the petitioner was in state custody—from becoming moot after a petitioner is released from custody, Maleng* foreclosed any argument that collateral consequences could satisfy the in custody requirement for a petition filed after the expiration of the state sentence. [Citation omitted.]" *Resendiz*, 416 F.3d at 956.

We further note that even if the immigration consequences attending a state conviction and sentence were not enough to prevent the present case from becoming moot, a criminal conviction itself is presumed to carry collateral consequences other than the direct penalty imposed which prevent a *challenge to a criminal conviction* from becoming moot. See *Sibron v. New York*, 392 U.S. 40, 55, 20 L. Ed. 2d 917, 88 S. Ct. 1889 (1968).

Because Rawlins was on probation and, therefore, "in custody" within the meaning of K.S.A. 60-1507 at the time she filed her motion, the district court had jurisdiction to consider Rawlins' challenges to her conviction. Rawlins' later completion of her probation term does not render her challenges to her conviction moot because of the possible adverse collateral consequences. See *Carafas*, 391 U.S. at 237-38, and *Oyler v. Allenbrand*, 23 F.3d 292, 294 (10th Cir. 1994), where the court held "[b]ecause petitioner's application for habeas relief was filed while petitioner was in custody, and because possible adverse collateral consequences could flow from petitioner's conviction, we find we have jurisdiction over this case and petitioner's appeal is not moot."

*We rule the State's service issue is waived.*

On appeal, the State raises an issue contending that Rawlins' K.S.A. 60-1507 action was never started during the time of her probation because service was not made on the State within 90 days. Generally, an issue raised for the first time on appeal is not properly before this court. *Miller v. Bartle*, 283 Kan. 108, 119, 150 P.3d 1282 (2007). But an issue involving purely a question of law, which may be determined in order to uphold the district court's

judgment, may be considered for the first time on appeal. *Smith v. Yell Bell Taxi, Inc.*, 276 Kan. 305, 311, 75 P.3d 1222 (2003).

Although the State's motion to dismiss is not included in the record on appeal, the district court's decision shows the State was aware of Rawlins' motion because the State filed a motion to dismiss based on the fact that Rawlins was no longer in custody. The record provides no suggestion the State objected to the motion based on inadequate service, and the district court did not rely on such an argument as an alternative basis for dismissing Rawlins' motion.

A party who wishes to challenge service of process must do so within a responsive pleading or a separate motion. K.S.A. 60-212(b). Failure to object to insufficient process or insufficient service of process within such a pleading or motion waives the defense. K.S.A. 60-212(h). We see no such motion in the record. The State has waived the issue.

*We examined Rawlins' claims against her trial counsel.*

When a district court summarily denies a motion under K.S.A. 60-1507, this court has the same ability to review the record and the allegations within the motion to decide whether the case clearly shows the movant is not entitled to relief. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). And this court may affirm a district court's judgment if the judgment is correct, even if the district court relied on erroneous reasoning. *In re Marriage of Bradley*, 282 Kan. 1, 8, 137 P.3d 1030 (2006). We therefore review Rawlins' claims to find out whether any of her allegations warranted an evidentiary hearing.

Rawlins' motion included five allegations of ineffective assistance of counsel: (1) counsel failed to seek a jury instruction on self-defense; (2) counsel failed to challenge the composition of the jury; (3) counsel failed to conduct a proper investigation of the defense case, including failure to interview the nurse who attended Rawlins in the jail and failure to discover whether the jail had a videotape of the incident; (4) counsel failed to impeach the testimonies of the sheriff's deputies who testified at trial; and (5) counsel failed to use photographs of Rawlins' injuries. We offer a quick review.

- **Self-defense instruction.** Since Rawlins raised the lack of a self-defense instruction in her direct appeal, the doctrine of res judicata applies here. *State v. Rawlins*, No. 87,490, slip op. at 7. Rawlins' claim here, while framed in the guise of an ineffective assistance of counsel claim, seeks to revisit this court's determination. A motion under K.S.A. 60-1507 is not designed to let a criminal defendant take a second direct appeal. Supreme Court Rule 183 (c)(3) (2007 Kan. Ct. R. Annot. 243). "Under Kansas law, where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived." *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990). Because this court has previously determined the evidence did not support an instruction on self-defense, trial counsel could not have been constitutionally ineffective for failing to seek an instruction on self-defense.
- **Racial composition of jury.** Rawlins has not asserted that any juror was removed based on race or even that two African-American jurors who were not empaneled were removed based on a peremptory strike. Rawlins asserts that one of the African-American jurors walked out of the courtroom, suggesting that the juror voluntarily chose not to serve on the jury. The only other allegation is that another African-American juror was not selected for the jury. Based on the record, Rawlins has not established a prima facie showing of a violation of *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986). Therefore, she also fails to show a claim for ineffective assistance of counsel for failing to object to the composition of the jury based on *Batson*.
- **Failure to investigate.** Rawlins alleges that trial counsel did not interview the nurse who attended Rawlins' injuries in the jail and failed to get a copy of the video recording made of the incident in the jail. Rawlins alleges the nurse's testimony or the nurse's incident report and a video recording of the incident would have supported her claims. Based on the record, we cannot decide whether counsel's failure to investigate the evidence suggested by Rawlins was a strategic decision or ineffective representation. We thus remand the case for an evidentiary hearing on this question.
- **Failure to impeach.** Based on a review of the trial transcript, we think defense counsel's representation of Rawlins was not deficient for failing to impeach the officers' testimony about events surrounding the offense of battery against a law enforcement officer. The transcript clearly shows that Rawlins' trial counsel cross-examined the officers about inconsistencies in their reports. Specifically, defense counsel challenged inconsistencies about the manner in which the officers left the holding cell; the manner in which Rawlins allegedly kicked the deputy; the manner in which the officers interacted with Rawlins; and the degree of force used compared to the force necessary to subdue Rawlins. Defense counsel even required one of the officers to show the manner in which Rawlins was carried to the cell.

- **Failure to admit photographs.** Rawlins contends her counsel failed to admit photographs of her injuries taken shortly after the incident. Rawlins claimed that her counsel was aware of the photographs and admitted that he did not know why he failed to introduce them at trial. It is impossible to decide from this record whether trial counsel had a strategy for failing to admit the photographs or whether the photographs, if admitted, would likely have influenced the jury's verdict. Therefore, the case must be remanded for an evidentiary hearing on this allegation, as well.

On remand, the district court must entertain evidence on two of her five claims against her trial counsel.

Reversed and remanded with directions.