[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14112

_____

D. C. Docket Nos. 1:10-cv-23718-WKW ; 1:83-cr-00993-DLG-2

LAZARA RODRIGUEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 24, 2012)

Before DUBINA, Chief Judge, PRYOR and ANDERSON, Circuit Judges.


PER CURIAM:

After the instant appeal, this court issued its decision in Figuereo-Sanchez v. United States, 678 F.3d 1203 (11th Cir. 2012).  There, we held that the Supreme Court decision in Padilla v. Kentucky, __ U.S. __, 130 S. Ct. 1473 (2010), is not retroactively applicable to cases on collateral review.  For this reason, Appellant is not entitled to relief pursuant to the writ of error *coram nobis*.  See United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997) (holding that a rule of law which is not retroactively applicable to cases on collateral review is "clearly outside the extremely limited scope of a writ of error *coram nobis*").  Even if Appellant were deemed to be in custody for purposes of § 2255 (as the Government has conceded), Appellant would be entitled to no relief under § 2255 for the reasons set out in the controlling opinion in Figuero-Sanchez.[1]

AFFIRMED.

---

[1]    Alternatively, we hold on the instant facts that any writ of *coram nobis* would be untimely in light of Appellant's 25-year delay.   Appellant's argument in this case is not merely that her counsel failed to inform her with respect to the immigration consequences.  Rather, her assertion is that counsel actually misinformed her in that regard.  Therefore, her argument was not foreclosed, because our opinion in United States v. Campbell, 778 F.2d 764 (11th Cir. 1985), held that an attorney's actual erroneous advice with respect to the immigration consequences in such a context could rise to the level of ineffective assistance of counsel. Accordingly, the ineffective assistance of counsel claim which Appellant asserts in the instant petition has been available to Appellant since the issuance of our Campbell decision. Appellant's extensive delay would render any petition for the writ of *coram nobis* untimely.

2