NOT DESIGNATED FOR PUBLICATION

No. 114,877

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANH TUAN TRAN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Seward District Court; LINDA P. GILMORE, judge. Opinion filed January 13, 2017.
Affirmed.

*Richard Ney*, of Ney & Adams, of Wichita, for appellant.

*Russell W. Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and LEBEN, JJ.

*Per Curiam*:  Anh Tuan Tran moved for relief under K.S.A. 60-1507 nearly 17 years after his sentence for aggravated assault expired. The trial court denied Tran's K.S.A. 60-1507 motion because he failed to establish manifest injustice as required to bring his motion beyond the K.S.A. 60-1507(f) time limits. Tran appeals this decision, arguing that he established manifest injustice and that his allegations of ineffective assistance of counsel entitled him to an evidentiary hearing. Nevertheless, because Tran is no longer in custody, we affirm.

1

On November 8, 1995, Tran pled no contest to one count of aggravated assault in 95 CR 541. On January 12, 1996, the trial court sentenced Tran to 24 months' probation with an underlying term of 16 months' imprisonment. The trial court ordered that his sentence in 95 CR 541 run consecutive to his sentence for a burglary committed in San Diego, California. Tammie Kurth represented Tran at both his plea and sentencing hearings.

Although no documents supporting this fact are included the record on appeal, according to the trial court's order denying Tran's K.S.A. 60-1507 motion, on August 27, 1997, Tran moved to modify the terms of his probation because he was an alien and being on probation longer than 1 year hurt his status as a legal alien.

On January 6, 1998, the State moved to revoke Tran's probation because he had allegedly committed aggravated burglary, aggravated assault, aggravated indecent liberties with a child, and criminal threat in Finney County, Kansas. On May 18, 1998, the trial court appointed Benjamin Casad to represent Tran on the State's motion to revoke probation.

What happened following the appointment of Casad, however, is unclear. In his later motion to expunge his conviction, Tran asserted that he completed probation on June 9, 1998. Yet, outside of his assertion in this motion, no actual documentation indicating when Tran completed his probation exists within the record on appeal. On June 23, 1998, an order of dismissal of the case was entered by the trial court. The June 23, 1998, order for dismissal is included in the record on appeal. It states: "[T]he above-captioned matter come[s] on motion of the parties to dismiss the case without prejudice . . . . After hearing Statements of counsel and after review of this document, the court hereby finds that 95 CR 541 is dismissed without prejudice." Thus, from what is known, it is clear that as of June 23, 1998, the State had withdrawn its motion to revoke probation, and Tran had completed his probation.

2

Then, it seems nothing happened regarding Tran's 95 CR 541 case until he moved for expungement on February 18, 2014. On May 6, 2014, the trial court granted Tran's motion, expunging his 95 CR 541 conviction as allowed under K.S.A. 2013 Supp. 21-6614.

Next, on April 20, 2015, Tran filed a K.S.A. 60-1507 motion alleging the following:

> "(a): [He] was denied the effective assistance of counsel in that Attorney Kurth failed to request an interpreter during the plea hearing and sentencing hearing thereby depriving [him] of his constitutional right to be present at all critical stages of the criminal proceeding, which mandates the withdrawal of his no contest plea without a showing of prejudice.

> "(b): [He] was denied the effective assistance of counsel in that Attorney Kurth's failure to request an interpreter during the plea hearing led to a no contest plea that was not knowingly, voluntarily, or intelligently made."

In his brief in support of his K.S.A. 60-1507 motion, Tran included a sentence alleging that no interpreter was involved in the private conversations between him and Kurth. Tran asserted that his plea and sentencing hearing transcripts as well as Kurth's testimony would support his allegations of ineffective assistance of counsel.

Furthermore, Tran mentioned that because he was filing this motion nearly 20 years after his conviction, he would be required to establish manifest injustice under K.S.A. 60-1507(f). Tran contended that the merits of his arguments established manifest injustice. Tran also asserted that Casad misled him into believing that the order dismissing his case erased his conviction; therefore, he had no reason to believe that he needed to move for relief under K.S.A. 60-1507. Tran made no mention of whether the court had jurisdiction to entertain his K.S.A. 60-1507 motion.

3

Last, Tran asserted that he was a legal alien and stated that "[d]eportation proceedings were begun by the United States Department of Justice on January 28, 1997, since [he] had been convicted of an aggravated felony as defined in Section 241(a)(2)(A)(iii) of the Immigration and Nationality Act." Tran continued that "[a]lthough [he] was not deported at [that] time, he still faces the possibility of deportation based upon his conviction in the present case."

Tran's K.S.A. 60-1507 motion was originally set for hearing before Judge Bradley Ambrosier. Because of a conflict of interest, Tran's motion was reassigned to Judge Linda Gilmore. Accordingly, the hearing scheduled in Judge Ambrosier's court never occurred. Judge Gilmore then set the motion for a scheduling hearing. Both parties agree that the scheduling hearing occurred, but a transcript of the hearing is not included in the record on appeal. In his appellant's brief, Tran states that this was a telephonic hearing for which no record exists. Nevertheless, following this scheduling hearing, Judge Gilmore filed an order denying Tran's K.S.A. 60-1507 motion, which is included in the record on appeal. Evidentially, Judge Gilmore found Tran's plea and sentencing hearing transcripts. The transcripts showed the presence of a Vietnamese interpreter who helped Tran throughout those proceedings. Judge Gilmore explained that no manifest injustice could exist because Tran's underlying arguments why Kurth was ineffective were false.

Tran timely appealed the denial of his K.S.A. 60-1507 motion.

On July 14, 2016, this court issued a show cause order requesting that the parties submit briefs discussing whether this court had jurisdiction over Tran's appeal given that relief under K.S.A. 60-1507 was available only to movants currently "in custody." Tran submitted a brief alleging that potential immigration consequences tied to his 95 CR 541 aggravated assault conviction made him technically "in custody" for K.S.A. 60-1507 purposes. This court retained Tran's appeal but ordered additional supplemental briefing on the issue of jurisdiction. Specifically, this court ordered the parties to address whether

4

Tran's appeal was governed by the United States Supreme Court decision *Chaidez v. United States*, 568 U.S. ___, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013).

*Meaning of "In Custody"*

Tran argues that his court has jurisdiction to entertain his appeal because he is still "in custody" as described in K.S.A. 60-1507. K.S.A. 60-1507(a) states:

> "A prisoner *in custody* under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may, pursuant to the time limitations imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence." (Emphasis added.)

In the past, this court has held that the term "in custody" means "any restraint of liberty imposed by court order following criminal proceedings." *Rawlins v. State*, 39 Kan. App. 2d 666, 669, 182 P.3d 1271(2008). Traditionally, this definition of in custody has included persons actually serving prison sentences or probation sentences. *Rawlins*, 39 Kan. App. 2d at 669. Because the Kansas habeas statute, K.S.A. 60-1507, and the federal habeas statute, 28 U.S.C. § 2255, both have "in custody" provisions, Kansas courts have frequently relied on federal caselaw when interpreting K.S.A. 60-1507. See *Baier v. State*, 197 Kan. 602, 604-06, 419 P.2d 865 (1966). In *Maleng v. Cook*, 490 U.S. 488, 491-92, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989), the United States Supreme Court held that persons are no longer in custody for federal habeas purposes when the sentences imposed for their convictions had *fully expired*. The *Maleng* Court explained that the possibility that the prior conviction may be used to enhance a sentence for a later conviction was not enough to make a person "in custody." 490 U.S. at 491-92.

In *Rawlins*, this court explained that "[a] movant is in custody within the meaning of K.S.A. 60-1507 if he or she is subject to detention, confinement, or restraint on the sentence subject to challenge when the motion is filed." 39 Kan. App. 2d 666, Syl. ¶ 2. Moreover, relying on *Maleng*, the *Rawlins* court further held that collateral consequences of a criminal conviction, including immigration consequences, do not render defendants in custody for habeas purposes after their sentence expired. *Rawlins*, 39 Kan. App. 2d at 673.

Consequently, this court has already held (1) that collateral consequences of criminal convictions do not render defendants in custody for habeas purposes and (2) that immigration consequences stemming from defendants' criminal convictions are collateral consequences. In turn, this court has already held that defendants facing potential immigration consequences from their convictions, like Tran, are not in custody for habeas purposes.

Regardless of the preceding, Tran suggests that the *Maleng* and *Rawlins* cases no longer apply to him because of the United States Supreme Court's more recent decision in *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). In *Padilla*, the Court concluded that an attorney's representation in plea bargaining could be constitutionally inadequate if the defendant wasn't advised about important potential immigration consequences of the plea. What *Padilla* did not involve, however, was a question of jurisdiction, which is the one we must address.

We see no reason that *Padilla* would have any effect on the "in custody" analysis of *Maleng* or *Rawlins*. We agree with several other courts that have concluded that *Padilla* did not expand the field of those who might be "in custody" for habeas purposes to include those who might still have some immigration consequence from the conviction even though their sentence and probation had been fully served. See *Guerra v. State*, 150 Conn. App. 68, 76, 89 A.3d 1028 (2014); *State v. Favela*, 2013-NMCA-102, 311 P.3d

6

1213, *aff'd* 2015-NMSC-005, 343 P.3d 178 (2015); *Vasquez v. Ryan*, No. 11-2300, 2012 WL 959354, at *5 (E. D. Pa. 2012) (unpublished opinion); *Fenton v. Ryan*, No. 11-2303, 2011 WL 3515376, at *2 (E. D. Pa. 2011) (unpublished opinion); *United States v. Krboyan*, No. CV-F-10-2016 OWW, 2010 WL 5477692, at *5 (E. D. Cal. Dec. 30, 2010) (unpublished opinion); *Walker v. Holder*, No. 10-10802-RWZ, 2010 WL 2105884, at *1 (D. Mass. 2010) (unpublished opinion).

We recognize that Tran has found two cases that he suggests agree with his argument that *Padilla* should be read to have broadened the reach of who might be considered in custody for habeas purposes: *Rodriguez v. United States*, No. 1:10-CV-23718-WKW, 2011 WL 3419614 (S.D. Fla. 2011) (unpublished opinion), *aff'd* 492 Fed. Appx. 960 (11th Cir. 2012) (unpublished opinion), and *King v. Secretary, Dept. of Corrections*, No. 6:12-CV-1037-ORL-36KRS, 2013 WL 1149295 (M.D. Fla. 2013) (unpublished opinion). Those cases actually only decided that there might be a broadening reach after *Padilla* and therefore *assumed* that the defendant in each case was in custody for purposes of its decision. *Rodriguez*, 2011 WL 3419614, at *6; *King*, 2013 WL 1149295, at *3. We simply do not find the assumption made in *Rodriguez* and *King* a reasonable one to make. *Padilla* did not address jurisdiction or the "in custody" requirement, and we ought not conclude that the United States Supreme Court in *Padilla* has overruled or limited an earlier precedent (*Maleng*) without even mentioning it. See *Vasquez*, 2012 WL 959354, at *5-6.

In sum, Tran is no longer "in custody" under the Kansas habeas statute, K.S.A. 60-1507, so he is not entitled to any relief under that statute. The district court was correct to summarily dismiss his motion.

Affirmed.