NOT DESIGNATED FOR PUBLICATION

No. 116,624

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GEORGE STALLINGS,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed March 31, 2017. Affirmed.

*Donald E. Anderson II*, of Robert A. Anderson Law Office, of Ellinwood, for appellant.

*Robert E. Wasinger*, legal counsel, Department of Corrections, Ellsworth Correctional Facility, for appellee.

Before HILL, P.J., MALONE and GARDNER, JJ.

*Per Curiam:* George Stallings appeals the district court's dismissal of his K.S.A. 60-1501 petition. He argues the 30-day statute of limitations is an unconstitutional deprivation of his right to habeas corpus relief. By application of Supreme Court precedent, we affirm the district court.

*Stallings is disciplined for fighting.*

While an inmate at the El Dorado Correctional Facility, Stallings was involved in a fight with another inmate. Prison officials charged Stallings with fighting in violation of

1

K.A.R. 44-12-301. Stallings was convicted at a disciplinary hearing and then sentenced to 10 days in segregation, a $10 fine, and 10 days of good time credits were withheld. Stallings filed an administrative appeal, and he was notified on October 27, 2015, that it was denied.

On January 29, 2016, Stallings filed a petition under K.S.A. 60-1501. The State moved to dismiss due to the petition being filed outside of the 30-day statute of limitations set out in K.S.A. 2016 Supp. 60-1501(b). The State alleged that under the statute of limitations, Stallings had until November 30, 2015, to file his petition. After taking evidence on the matter, the district court granted the State's motion to dismiss.

Despite the State's assertion to the contrary, this appeal is not moot simply because Stallings is no longer in prison. He has now been placed on postrelease supervision.

Generally, K.S.A. 60-1501 applies to any person in Kansas who is detained, confined, or restrained of liberty on any pretense whatsoever. See K.S.A. 2016 Supp. 60-1501(a). Clearly, Stallings' liberty is restrained by the terms of his conditions of release he signed in November 2016. Stallings' travel, rights of association, and personal conduct are all limited now and he is subject to the need to report and to the search of his person, residence, and property. We have held in *Rawlins v. State*, 39 Kan. App. 2d 666, 668-71, 182 P.3d 1271 (2008), that one who is on parole is "in custody" for purposes of a K.S.A. 60-1507 habeas corpus motion available to prisoners. We see no difference between someone on parole and someone on postrelease supervision when considering habeas corpus relief.

Turning now to the merits of the appeal, we note that K.S.A. 2016 Supp. 60-1501 (b) provides: "an inmate in the custody of the secretary of corrections shall file a petition for writ pursuant to subsection (a) within 30 days" from when the action is final, extended for the time the prisoner is exhausting administrative remedies. Stallings

2

received notice that his appeal was denied on October 27, 2015, which he acknowledged. Allowing for Thanksgiving, then, his habeas corpus petition had to have been filed by November 30, 2015. We must ask, then, was his petition timely filed?

The record reveals that Stallings served 6 days in segregation and then was transferred to Ellsworth Correctional Facility on November 3, 2015, where he was no longer in segregation. Ultimately, Stallings filed the petition in Butler County District court on January 29, 2016. The case was then sent to Ellsworth County District Court since that was where he was being held. This is well beyond the 30-day limit. Even if we add 6 days for the time he served in segregation, Stallings' petition was not timely filed.

The record does not support Stallings' claim he made in district court that he was prevented from filing a timely petition under K.S.A. 2016 Supp. 60-1501(b) because he was being held in disciplinary segregation during the 30 days he was allowed to file his petition. Thus, we do not need to address Stallings' claim on appeal that the 30-day time limitation under K.S.A. 2016 Supp. 60-1501(b) is unconstitutional because the statute contains no provision allowing for an extension of time based on exceptional circumstances of excusable neglect.

The Kansas Supreme Court has previously determined the 30-day limit found in K.S.A. 2016 Supp. 60-1501(b) is not an unconstitutional suspension of the right to a writ of habeas corpus. See *Battrick v. State*, 267 Kan. 389, 400-01, 985 P.2d 707 (1999). We are duty bound to follow Kansas Supreme Court precedent. *State v. Vrabel*, 301 Kan. 797, 810, 347 P.3d 201 (2015). Stallings' argument fails.

Affirmed.

3