No. 72,806
No. 72,807
No. 72,808

STATE OF KANSAS, *Appellant*, v. CHARLES KEITH KERBY, JAMES THOMAS ANDERSON, and LARRY EUGENE DENNIS, *Appellees*.

(910 P.2d 836)

Opinion filed January 26, 1996.

*Thomas R. Stanton*, assistant county attorney, argued the cause, and *Julie Mc-Kenna*, county attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for the appellant.

*James P. Davidson*, of Salina, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by the State from the trial court's order dismissing criminal charges against each of the above-named defendants for one count of possession of marijuana and two counts of endangerment of a child (two separate children). The case was scheduled for trial on August 18, 1994. Instead of a trial, the defendants' motions for an order of dismissal were heard.

The facts are not relevant in this case other than providing a background of what occurred. Law enforcement officers obtained a search warrant authorizing a search of the residence belonging to Jeffrey Lee Dennis and April Joy Dennis. The defendants were present in the Dennis home as guests when the warrant was executed. A total of nine adults, one juvenile, and at least one infant were present when the warrant was executed. The trial court heard evidence and found there was no probable cause to believe the defendants committed the crimes charged and dismissed all the charges filed against the defendants.

The State appealed. The problem in this case is the notices of appeal. The State filed its notices of appeal pursuant to K.S.A 22-3603. All of the notices of appeal are identical and state: "Notice is hereby given that the State of Kansas, pursuant to K.S.A. 22-3603, appeals from the final decision of the District Court of Saline County, Kansas, entered on August 18, 1994, to the Court of Appeals of the State of Kansas."

K.S.A. 22-3603 provides for interlocutory appeals. This was not an appropriate case for interlocutory appeals, and on November 7, 1994, this court ordered the State to show cause why the appeals should not be dismissed. While the notices of appeal were filed on August 19, 1994, the State did not respond to the show cause order until December 2, 1994. In its response, the State indicated for the first time that the cases were being appealed pursuant to K.S.A. 1994 Supp. 22-3602(b) instead of K.S.A. 22-3603. K.S.A. 1994 Supp. 22-3602(b) allows any order dismissing a complaint or information to be appealed directly to the Supreme Court; thus, the cases could have been properly appealed under this provision. However, the State did not attempt to amend its notices of appeal at any time, and its response to the show cause order was filed after the time to amend the notices of appeal had expired. Thus, the State is before this court on notices of appeal which attempt to appeal under the interlocutory appeal statute. (K.S.A. 22-3603). This court retained the appeal, subject to further review after the parties submitted briefs.

In *State v. G.W.A.*, 258 Kan. 703, 705-07, 906 P.2d 657 (1995), we said:

"[T]he defendant argues that a defendant must lay the foundation for his or her appeal by filing a notice of appeal which gives the appellate court jurisdiction to hear the appeal. See *State v. Grant*, 19 Kan. App. 2d 686, 875 P.2d 986, *rev. denied* 255 Kan. 1005 (1994) (finding the Court of Appeals did not have jurisdiction to address a ruling which was not included in the notice of appeal). Since a defendant must lay such a foundation, the State must also lay a foundation for its own appeal by filing a notice of appeal which gives the appellate court jurisdiction to hear the appeal.

" 'It is a fundamental proposition of Kansas appellate procedure that an appellate court obtains jurisdiction over the rulings identified in the notice of appeal.'

*Hess v. St. Francis Regional Med. Center*, 254 Kan. 715, 718, 869 P.2d 598 (1994). . . .

"[I]n *Anderson v. Scheffler*, 242 Kan. 857, 860-61, 752 P.2d 557 (1988), the trial court entered summary judgment for the defendant. One issue was whether the notice of appeal appealing from an April 21, 1987, judgment entered by the court was sufficient to give the appellate court jurisdiction to consider a different summary judgment ruling entered by the court on December 29, 1986. This court held that issue had not been properly designated in the notice of appeal; thus, the issue could not be considered on appeal.

"Here, the State's notice of appeal referred solely to an appeal from the judgment of acquittal. It contained no general reference which could be liberally construed to include an appeal on a question reserved. See *Hess*, 254 Kan. at 719-20. As in *Grant*, 19 Kan. App. 2d at 691, there is no valid controversy as to whether the State complied with the statutory requirements. The notice of appeal was limited and specific and cannot be read to include an appeal on a question reserved. Because the only ruling referred to in the notice of appeal is one which is not subject to appellate review, this court lacks jurisdiction. See *State v. Crozier*, 225 Kan. 120, Syl.¶ 4.

"We are unpersuaded by the State's argument that its mention of K.S.A. 1994 Supp. 22-3602 in the notice of appeal gives this court jurisdiction. A liberal and common-sense reading of the State's notice of appeal is as follows: The notice of appeal is two sentences long. The first sentence clearly and unquestionably gives notice that the State is appealing 'from a Judgment of Acquittal.' The second sentence tells us that the appeal from the judgment of acquittal is taken directly to the Supreme Court pursuant to 22-3602. K.S.A. 1994 Supp. 22-3602 is cited because it allows the State to appeal certain issues directly to the Supreme Court.

"The State did not respond in its brief to the defendant's argument that the appeal should be dismissed for lack of jurisdiction. We can only presume that the State's argument would be as follows: In its notice of appeal, the State contends it is appealing directly to the Supreme Court pursuant to K.S.A. 1994 Supp. 22-3602. K.S.A. 1994 Supp. 22-3602(b)(3), allowing the State to appeal a question reserved, is the only section of 22-3602 which would permit a direct appeal to the Supreme Court. Thus, if the court did independent research and read the record, we could conclude that the State was appealing a question reserved. We think the State must give more guidance in its notice of appeal than that given in this case."

In *State v. G.W.A.*, this court found that the State's notice of appeal was not sufficient because the court was required to search through the record to determine what the State's appeal was actually based upon. This is what the State required the court to do in these appeals.

We see no distinction between this case and *State v. G.W.A.* and, therefore, dismiss this appeal for lack of jurisdiction.