No. 80,707

STATE OF KANSAS, *Appellee*, v. VINCENT L. RANSOM, *Appellant*.

(999 P.2d 272)

Opinion filed March 10, 2000.

*Cory D. Riddle*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Ty Kaufman*, county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with him on the briefs for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by the defendant, Vincent L. Ransom, from his plea of nolo contendere to one count of automobile burglary and two counts of misdemeanor theft. Ransom was 16 years of age when the crime occurred. He was certified to stand trial as an adult. His notice of appeal was from the judgment and sentence. The Court of Appeals held the notice of appeal did not give it jurisdiction to consider the sole issue on appeal, which was Ransom's certification to stand trial as an adult. We granted Ransom's request to review the Court of Appeals' decision that the Court of Appeals lacked jurisdiction to consider whether Ransom should have been certified to stand trial as an adult.

Ransom had been adjudged a juvenile offender twice when he was 15 years of age for acts which, had he been an adult, would have been misdemeanor theft and felony attempted aggravated burglary. Within the month after his 16th birthday, while visiting

in McPherson County, he participated in the burglary and theft from two automobiles, which is the basis for the case before us.

On August 14, 1997, Ransom was certified to stand trial as an adult. On August 21, 1997, he pled no contest to one count of automobile burglary and two counts of misdemeanor theft. On November 6, 1997, Ransom was sentenced and placed on probation. One week later he filed this appeal.

The sole issue Ransom raised on appeal was whether the district court erred when it certified him to stand for trial as an adult. Ransom argues that the notice of appeal was sufficient to give the Court of Appeals jurisdiction. If not, Ransom requests that we remand the case for an *Ortiz* hearing.

Under the facts of this case, Ransom is entitled to have his appeal heard. The appellate courts either have jurisdiction or Ransom's court-appointed attorney made a basic error depriving Ransom of the appeal he requested. Nevertheless, we consider the jurisdiction issue.

Notwithstanding the provisions of K.S.A. 1999 Supp. 22-3602(a), K.S.A. 1999 Supp. 38-1681 allows an appeal to be taken from an order authorizing prosecution as an adult even if a plea of guilty or nolo contendere follows the adjudication.

Ransom's notice of appeal states:

"Comes now Vincent L. Ransom, defendant above-named, by his court-appointed attorney, William S. Mills, and has and does by these presents serve notice of appeal from the *judgment and sentence* of the District Court of McPherson County, Kansas on November 6, 1997.

"This appeal is to the Court of Appeals of the State of Kansas." (Emphasis added.)

The Court of Appeals' opinion states:

"Aside from the evidence, we note that Ransom did not raise the issue [of adult certification] in his notice of appeal. Therefore, this court does not have jurisdiction to decide the issue.

"It is fundamental to appellate procedure that this court only obtains jurisdiction over rulings identified in the notice of appeal. *State v. Kerby*, 259 Kan. 104, 106, 910 P.2d 836 (1996).

"When a notice of appeal refers only to the judgment and contains no reference which can be liberally construed, such notice cannot be read to include additional issues. See *Kerby*, 259 Kan. at 106."

In 1963, the Kansas Legislature codified the rules of civil and appellate procedure. The current rules do not require a party to specify the errors complained of. K.S.A. 1999 Supp. 60-2103(b) addresses the notice of appeal and sets forth:

"The notice of appeal shall specify the parties taking the appeal; *shall designate the judgment or part thereof appealed from*, and shall name the appellate court to which the appeal is taken. The appealing party shall cause notice of the appeal to be served upon all other parties to the judgment as provided in K.S.A. 60-205, and amendments thereto, but such party's failure so to do does not affect the validity of the appeal." (Emphasis added.)

Supreme Court Rule 2.02 (1999 Kan. Ct. R. Annot. 8) addresses the "Form of Notice of Appeal" for the Court of Appeals. The rule requires that parties "substantially" comply with the following form: "Notice is hereby given that (specify the party or parties taking the appeal) appeals(s) from (*designate the judgement or part thereof appealed from*) to the Court of Appeals of the State of Kansas." (Emphasis added.)

Ransom was not required to specifically mention the errors he was appealing from. See *State v. Boyd*, 268 Kan. 600, 999 P.2d 265 (2000) (holding that a criminal defendant's use of the word "conviction" in the notice of appeal was sufficient to give jurisdiction to the Court of Appeals to consider evidentiary and procedural errors and that the Court of Appeals should consider other issues besides the sufficiency of evidence issue).

Although the issue in *Boyd* is similar to the issue presented here, and although the Court of Appeals panels handled the cases in a similar manner, the question presented here is different. Here, Ransom made an error. He appealed from the judgment and sentence entered on November 6, 1997. Had Ransom put a period after the word "sentence," the Court of Appeals would unquestionably have had jurisdiction to entertain Ransom's being certified to stand trial as an adult.

It seems of no consequence that Ransom added the words "on November 6, 1997." Had Ransom only stated that he appealed

from his judgment and sentence without the date, the notice of appeal would cover his certification as an adult. Here, K.S.A. 1999 Supp. 38-1681 gives Ransom the right to appeal his adjudication as an adult even if he pleads no contest, an act that otherwise would bar his right to appeal.

It does not make sense that we hold we have jurisdiction if the date of sentencing is left out but not if it is included. K.S.A. 60-2101 authorizes the Court of Appeals and the Supreme Court to correct, modify, vacate, or reverse any act, order, or judgment of a district court (and in the Supreme Court's case, the Court of Appeals) in order to assure that any such act, order, or judgment is just, legal, and free of abuse. As noted in *Boyd,* we are to give a liberal construction. There was only one issue and both sides knew what the issue was and that it was the only issue the defendant could raise. The State is not, and does not claim to be, prejudiced by the notice of appeal. We hold the notice of appeal is sufficient to confer jurisdiction on the Court of Appeals to determine whether the trial court erred in certifying Ransom to stand for trial as an adult.

The case is reversed and remanded to the Court of Appeals for further proceedings.